IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINDSAY SCOTT STEVENS,<br>TDCJ-CID No. 02154605 | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:24-CV-180-Z-BR |
| ADAM GONZALES, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT IN PART**

Before the Court is the Amended Complaint (ECF 5) filed by Plaintiff Lindsay Scott Stevens ("Stevens") against Defendants Adam Gonzales, Cristian Gonzales, Dustin Spaggiari, Bryan Collier, Daniel V. Pacheco and William E. Romero, alleging violations of Stevens' civil rights under 42 U.S.C. § 1983. Stevens filed this lawsuit *pro se* while a prisoner in the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas, and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Stevens' Complaint be DISMISSED IN PART under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b)

1

(applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.  Factual Background.[1]

Stevens' Complaint arises from a sexual assault he says he suffered while a prisoner at the Clements Unit of the TDCJ. He claims that Defendant Cristian Gonzales ("C. Gonzales") and

---

[1]These background facts are taken from Stevens' Amended Complaint (ECF 5) and questionnaire responses (ECF 10) and are assumed to be true for the purpose of evaluating the merits of Stevens' causes of action.

2

another prisoner sexually assaulted him while he was in a high-security holding cell. (ECF 10 at 4). Stevens further claims that, in a separate incident, Defendant Dustin L. Spaggiari ("Spaggiari") used a slot tool to break his arm, and then sprayed him with chemical agents, to silence him about C. Gonzales' assault. (*Id*. at 4-5). He claims that Defendants Daniel V. Pacheco ("Pacheco") and William E. Romero ("Romero") searched his cell, confiscated his personal property and refused to return it, thereby causing Pacheco to violate Stevens' right of access to the courts. (*Id*. at 6, 9-10). Stevens also claims that Pacheco failed to properly investigate his complaints about the physical abuse by C. Gonzales and Spaggiari. (*Id.* at 5). Stevens sues Bryan Collier ("Collier") and Adam Gonzales ("A. Gonzales") as supervisors who failed to enforce the TDCJ's "zero-tolerance" policy regarding sexual assault. (*Id*. at 1-3).

Stevens filed this civil rights lawsuit on August 21, 2024, seeking compensatory damages. For the reasons stated below, Stevens' Complaint should be dismissed as to Defendants Collier, A. Gonzales, Pacheco and Romero, and allowed to proceed against remaining Defendants C. Gonzales and Spaggiari.

**B.     Official Capacity Claims.**

Stevens does not specify whether he sues Defendants in their individual or official capacities. To the extent Stevens intends to sue Defendants in their official capacities, such claims must be dismissed for lack of jurisdiction. As a sovereign entity, a state may not be sued without its consent. Read literally, the text of the Eleventh Amendment prevents only non-citizens of a state from suing that state. *See* U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts

are without jurisdiction over suits against a state, … unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). Suits against state officials in their official capacities should be treated as suits against the state. *Hafer v. Melo*, 502 U.S, 21, 25 (1991). Moreover, state officials acting in their official capacities are not 'persons' under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71. As a result, it is well established that suits for monetary damages against state officials in their official capacities cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities).

Stevens sues Defendants for compensatory damages. (ECF 10 at 10). His request for monetary damages against Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

**C.    Supervisory Liability.**

Stevens alleges that Collier, A. Gonzales and Pacheco are liable as supervisors for the actions of the other Defendants. (ECF 10 at 2-3, 5). Specifically, he sues Collier and A. Gonzales for failing to enforce TDCJ's "zero-tolerance" policy against sexual assault. He sues Pacheco for allowing officers to use chemical agents against him "for no reason." Under Section 1983, however, supervisors are not liable for the actions of others, including their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Instead, only the direct acts or omissions of the supervisor will support a claim for individual liability under Section 1983. *Monell v. Dep't of*

4

*Social Servs.*, 436 U.S. 658, 692 (1978); *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a Section 1983 action must "specify the personal involvement of each defendant"). A supervisor may be held liable under Section 1983 only when (1) the supervisor was personally involved in the constitutional deprivation, (2) there is a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) the supervisor implemented a policy so deficient that the policy itself violates constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018); *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

Stevens fails to state a claim against Collier and A. Gonzales in their capacity as supervisors. Neither Stevens' Amended Complaint nor his questionnaire responses allege facts establishing that either A. Gonzales or Collier was personally involved in the allegedly wrongful actions. Stevens does not allege that either A. Gonzales or Collier was personally involved in any decision that constituted a failure to protect Stevens, nor does Stevens allege that A. Gonzales or Collier implemented a specific unconstitutional policy that resulted in his injury. In fact, in his questionnaire responses, Stevens admits that A. Gonzales' and Collier's status as a supervisor is the sole reason they were named in this lawsuit. (ECF 10 at 2-3). Stevens' claims against A. Gonzales and Collier should be dismissed as frivolous.

Stevens claims only that Pacheco allowed other officers to use chemical agents against him. (ECF 10 at 5). He further alleges that Pacheco ordered C. Gonzales to charge him with a false weapons possession case. (*Id.* at 6). He provides no further details. Such claims are conclusory and fail to state a plausible claim for relief against Pacheco. Accordingly, Stevens' supervisory liability

5

claim against Pacheco should be dismissed.

**C.     Cruel and Unusual Punishment Claim.**

Stevens alleges that C. Gonzales and an inmate raped him. (ECF 10 at 4). Sexual assault claims by an inmate are analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. *Ard v. Rushing*, 911 F. Supp. 2d 425, 428 (S.D. Miss. 2012). A guard's sexual abuse of an inmate rises to cruel and unusual punishment because sexual abuse "has no legitimate penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)); *see also Whitley v. Albers*, 475 U.S. 312 (1986) (holding that unnecessary and wanton infliction of pain constitutes cruel and unusual punishment). Accordingly, courts analyze an inmate's sexual assault claim as an excessive force claim, requiring the inmate to demonstrate (1) objectively harmful conduct to establish a constitutional violation and (2) that the guard acted with a sufficiently culpable mental state. *Smith v. Cochran*, 339 F.3d 1205 (10th Cir. 2003).

Because sexual abuse violates contemporary standards of decency, "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious'" to violate the Eighth Amendment. *Boddie*, 105 F.3d at 861; *Cooks v. Barron*, 2011 WL 6372865 (S.D. Tex. Dec. 20, 2011) ("severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." (quotation omitted)). Further, the alleged conduct itself may be sufficient evidence of a culpable state of mind in some circumstances because there is no legitimate purpose to an officer's sexual abuse of a prisoner. *Boddie,* 105 F.3d at 861. Given the alleged rape and injuries from the incident, Stevens has sufficiently alleged an excessive force claim. At this point in the litigation, Stevens' factual allegations against C. Gonzales are sufficient to survive screening

and put C. Gonzales on notice of the claims against him. *See Tilley v. Gonzalez*, No. 3-09-CV-2451, 2010 WL 1541494 (N.D. Tex. March 10, 2010).

**E.     Unnecessary Force Claim Against Spaggiari.**

Stevens alleges that Spaggiari broke his arm with a slot tool and used chemical agents against him when Stevens "didn't even do anything to him." (ECF 10 at 5). To succeed on an excessive force claim, a plaintiff must show (1) an injury; (2) that resulted directly and only from the use of force that was excessive to the need; and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's prohibition against cruel and unusual punishment includes the unnecessary and wanton infliction of pain. *Whitley*, 475 U.S. at 319.

Stevens alleges that Spaggiari used excessive force on him without any provocation whatsoever. Accepting Stevens' claims as true for the purposes of screening, as the Court is required to do, Stevens has stated a claim against Spaggiari.

**F.     Denial of Access to Courts.**

Stevens alleges that Pacheco interfered with his access to the courts by confiscating unspecified property from his cell, thereby preventing him from having access to the courts. Prisoners have a right of access to the courts protected by both the First Amendment right to petition for redress of grievances and the Fourteenth Amendment right to procedural and substantive due process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789

7

F.2d 307, 310 (5th Cir. 1986). The right of access to courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In order to recover for a denial of access to the courts, an inmate must show that an "actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented ...." *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing, or caused him to lose, a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under Section 1983. *Id*. at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," he must demonstrate actual injury resulting from the alleged denial of access. *Id*. at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id*. at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ...is more than hope." *Id*. at 416 (internal quotation marks omitted).

Stevens fails to meet this standard. He does not assert that the taking of unspecified property prevented him from filing a lawsuit, nor does he state that any pending lawsuits were

8

dismissed as a result of the conduct of which he complains. In short, he has not shown that Pacheco hindered his ability to pursue a "nonfrivolous" or "arguable" legal claim. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (inmate alleging denial of access to courts must demonstrate actual injury). Stevens has failed to state a plausible claim that he was denied access to the courts. As a result, Stevens' access to the courts claim against Pacheco should be dismissed as frivolous.

**G.     Retaliation.**

Stevens alleges that Romero and Pacheco retaliated against him by confiscating personal property from his cell, presumably for either reporting the rape or in an attempt to silence him about the rape. (ECF 10 at 5, 6). When an inmate claims that he has been the subject of retaliation, he must show facts, not merely conclusions. *Whittington v. Lynaugh*, 842 F.2d 818 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988). The plaintiff must present facts showing a retaliatory motive or the alleged conduct must itself raise an inference of retaliation in order to support a claim. *Id*. at 819. "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The fact that one event follows another in time does not amount to proof of retaliation. *Enlow v. Tishomingo County, Mississippi*, 45 F.2d 885, 889 (5th Cir. 1995).

A valid retaliation claim requires a plaintiff to allege that: (1) he exercised a specific constitutional right; (2) the defendant intended to retaliate against him because he exercised that right; (3) he experienced a retaliatory adverse act; and (4) the adverse act would not have occurred but for a retaliatory motive. *Welsh v. Cammack,* No. 23-10961, 2024 WL 3649583 at *5 (5th Cir. 2024) (citing *Jones*, 188 F.3d at 324-25). The Fifth Circuit has defined an actionable retaliatory

9

adverse act as one "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). A plaintiff must offer direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. This is a "significant burden" *Id*. "Mere conclusionary allegations of retaliation" are insufficient. *Id.; see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (Conclusory allegations amounting to a plaintiff's "personal belief that he is the victim of retaliation" are insufficient to state a claim for relief). Causation requires a showing that "but for the retaliatory motive the complained of incident … would not have occurred." *McDonald*, 132 F.3d at 231 (citation omitted).

Stevens has provided no factual allegations supporting his claim of retaliation, nor has he provided a chronology of events from which retaliation may be inferred. Stevens provides nothing more than his personal belief that he is the victim of retaliation from Pacheco and Romero. Because Stevens has not plausibly alleged facts showing that any retaliatory motive was the cause for Pacheco's or Romero's actions against him, he is unable to sustain his claim of retaliation against them. Accordingly, his retaliation claims should be dismissed.

**H.     Property Loss Claims.**

Stevens alleges that Pacheco and Romero confiscated his personal property and failed to return it. (ECF 10 at 6). Prisoners have a cognizable constitutionally protected property interest in their personal property. *See Eubanks v. McCotter*, 802 F.2d 790, 793–94 (5th Cir. 1986). Nevertheless, under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post[-]deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quotation marks and

citations omitted). The Texas administrative and judicial systems allow prisoners to raise ordinary tort claims such as conversion or an administrative remedy for lost or damaged property. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.--Corpus Christi 2002).

Therefore, the initial question is whether Stevens has alleged that Pacheco and Romero confiscated the personal property pursuant to a state policy or as "random, unauthorized conduct". The U.S. Supreme Court has noted that "[c]onduct is not 'random and unauthorized' … if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Zinerman v. Burch*, 494 US. 113, 138 (1990) (quoted in *Allen*, 388 F.3d at 149 (5th Cir. 2004)). Stevens clearly and undisputedly alleges that Romero was acting illegally in confiscating his property, rather than pursuant to a state policy. *See* ECF 10 at 5 (Pacheco "prevented me from having access to the courts" and "Romero also retaliated against me and took all my property."). Because Stevens alleges that Pacheco's and Romero's conduct was improper and unauthorized, the *Parratt/Hudson* doctrine applies.

As a result, although Stevens has a protected property interest in his personal property, "[a] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional *minima* are nevertheless met." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation marks and citations omitted). In *Brewster*, the Fifth Circuit Court of Appeals held that a due process claim was properly dismissed because Texas law provides the adequate post-deprivation remedy of conversion when property is taken without proper procedures. *Id.* Stevens does not allege that his personal property was taken pursuant to anything other than "random, unauthorized conduct" by Pacheco and Romero. Because Stevens has an adequate post-deprivation remedy under Texas law in that he has the right to sue

for conversion in state court, he does not have a Section 1983 due process claim for loss of his personal property. His property loss claim against Pacheco and Romero should be dismissed.

**H.      Failure to Investigate.**

Stevens alleges that Pacheco failed to thoroughly investigate his claims against C. Gonzales and, perhaps, Spaggiari. (ECF 10 at 5). To state a Section 1983 claim, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. To state a substantive due process claim, a plaintiff must allege that he was deprived of a liberty or property interest without due process of law. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976).

Pacheco's alleged failures to thoroughly investigate do not rise to the level of a constitutional violation. Although local governments may be found liable for failures to perform adequate investigations, that failure must have led to a separate constitutional injury. *See Piotrowski v. City of Houston*, 237 F.3d 567, 581-82 (5th Cir. 2001) (considering a failure to investigate as part of the policy or custom prong of the Section 1983 analysis and not as a constitutional violation itself); *see also Rolen v. City of Brownfield*, 182 F. App'x 362, 364 (5th Cir. 2006) ("Failure to investigate or prosecute an offense does not give rise to § 1983 liability."); *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (finding "no further constitutional injury resulted" from a failure to investigate a report of a rape by a police officer); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("However, we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Because Pacheco's alleged failure to investigate, if true, does not constitute an independent constitutional violation, it cannot form the basis of a viable Section 1983 claim and should be dismissed.

**I.     Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Stevens has fully responded to the Court's questionnaire and set out his claims in adequate detail in his Complaint. Further amendment as to his official capacity, failure to investigate and theft of personal property claims would be futile for the reasons stated above. Stevens has pleaded his best case as to these claims; therefore, leave to amend is unnecessary.

Leave should be granted to Stevens to amend his supervisory liability and access to courts claims against Pacheco, and his retaliation claims against Pacheco and Romero, if Stevens files a Motion for Leave to do so that complies with Local Rule 15.1 within the time allotted for objections to this FCR.

RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends the following: (1) that Stevens' claim for monetary damages against all Defendants in their official capacities be DISMISSED for lack of subject-matter jurisdiction; (2) that Stevens' claims against Collier, A. Gonzales and Romero be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (3) that Stevens' property loss claim against Pacheco likewise should be DISMISSED WITH PREJUDICE; (4) that Stevens' supervisory liability and access to the courts claims against Pacheco be DISMISSED WITHOUT PREJUDICE to Stevens seeking leave to amend as set forth above. If he fails to do so, however, such claims should be DISMISSED WITH

PREJUDICE. Stevens' claims against C. Gonzales for cruel and unusual punishment and Spaggiari for excessive force remain in the case.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 4, 2025.

*[signature: Lee Ann Reno]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).