IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINDSAY SCOTT STEVENS,<br>TDCJ-CID No. 02154605, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:24-CV-180-Z-BR |
| CRISTIAN GONZALEZ, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendant Cristian Gonzalez ("Gonzalez"). (ECF 28). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

## I. BACKGROUND

Stevens' Complaint arises from a sexual assault he says he suffered while a prisoner at the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). Stevens claims that Gonzalez ("Gonzalez"), a Clements Unit guard, and another prisoner sexually assaulted him while he was in a high-security holding cell. (ECF 10 at 4). Stevens filed this civil rights lawsuit on August 21, 2024, seeking compensatory damages.

## II. SUMMARY JUDGMENT STANDARD

### A. Summary Judgment is Proper if No Genuine Dispute as to Any Material Fact.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there

1

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Because he proceeds *pro se*, Stevens's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure

and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at \*2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

**B.    Stevens's Failure to Respond is Not Dispositive.**

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at \*1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees) for State Colleges & Universities*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Gonzalez still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

### III. LEGAL ANALYSIS

**A.      The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.**

Gonzalez moves for summary judgment based on his affirmative defense that Stevens has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010)). Further, exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

**B.      The Undisputed Evidence Shows a Failure to Exhaust.**

According to the evidence presented by Gonzalez, a TDCJ prisoner must complete the state's two-step grievance process before filing suit. (ECF 28 at 5; ECF 28-3 at 2). To initiate the grievance process, an inmate must fill out, sign, and submit a Step One grievance explaining the nature of his complaint and requested outcome within 15 days of the event at issue. (*Id*.) *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Each Step One grievance is investigated at the unit level, and a written response is provided to the inmate. (ECF 28-3 at 2) If the inmate is dissatisfied with the response, he next must fill out, sign, and submit a Step Two grievance within 15 days of receiving his response to the Step One grievance. (*Id*.) Each Step Two grievance is investigated at the state level, and a written response is again provided to the inmate. (*Id*.) Once

the two-step process has been completed, the inmate's administrative remedies within TDCJ have been exhausted. (*Id*.)

The undisputed evidence shows that TDCJ timely received Stevens's Step One grievance (Grievance #2024057687) concerning the alleged January 13, 2024, incident on January 18, 2024. (ECF 28-3 at 3; ECF 28-4 at 15-16). The Step One grievance was returned to Stevens on February 8, 2024, but Stevens did not file a Step Two grievance. (*Id*.) On March 28, 2024, TDCJ received a second Step One grievance (Grievance #2024085073) from Stevens concerning the same incident. (ECF 28-3 at 3; ECF 28-4 at 25-26). The new Step One grievance was returned to him on May 14, 2024, but Stevens did not file a Step Two grievance. (*Id*.)

Because Gonzalez met his burden to show that Stevens has not properly exhausted his remedies in connection with the claims at issue, the burden then shifted to Stevens to establish a genuine issue of material fact. However, Stevens failed to respond to the Motion and thus failed to meet his burden. The undisputed evidence shows that Stevens failed to exhaust his administrative remedies in connection with the claims brought in this case; accordingly, his claims against Gonzalez should be dismissed without prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendant Cristian Gonzalez's Motion For Summary Judgment be GRANTED and that Plaintiff's claims be dismissed without prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 6, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).